UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED
2010 FEB -1  PM 4: 43
CLERK
BY_____
DEPUTY CLERK

| | |
|---|---|
| WILLIAM J. ROGERS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:10-CV-26 |
| AT&T MOBILITY, LLC | ) |
| Defendant. | ) |

## CLASS ACTION COMPLAINT

1. Plaintiff William J. ["Plaintiff"] Rogers is a resident of Chittenden County, Vermont. Plaintiff is an individual consumer who is a customer of AT&T Mobility, LLC and specifically has purchased a wireless data plan that permits access to the internet by a radio device.

2. Defendant AT&T Mobility, LLC (hereafter "AT&T") is a Delaware corporation in good standing and is authorized to do business in Vermont. Defendant AT&T Mobility, LLC maintains its principal place of business at 5565 Glenridge Connector, Glenridge Two, Atlanta, GA 30342.

3. Venue is proper in this Court as Plaintiff is a resident of Vermont.

4. On information and belief, Plaintiff and the Class have been damaged in an amount that exceeds $1 million in the aggregate.

## FACTS COMMON TO ALL COUNTS

5. AT&T sells wireless data plans to consumers by contract on a monthly payment plan. The purchase of a wireless data plan permits purchasers of the plan to obtain access to the internet remotely either on a computer or on a so-called smart phone such as an iPhone, a Blackberry, or a similar device.

6. Where access is by computer only, AT&T charges a monthly fee for the use of a datacard. The datacard permits its user to connect a computer to the internet wirelessly through a radio device embedded in the computer or through a device that connects to the computer through a PCMCIA card or USB port. The data card does not transmit voice or pictures independently of the internet.

7. Where AT&T's wireless data plans are sold to owners of smart phones, AT&T bills for internet access with a separate line item on the AT&T monthly bill. Generally speaking, the plans cost consumers $30 per month. Plaintiff has such a plan and pays charges totaling approximately $30 per month to AT&T.

8. For certain kinds of access, AT&T charges owners of smart phones $45 per month for internet access. This plan permits users to access dedicated email servers through the internet.

9. The State of Vermont imposes a sales tax on "telecommunications service" pursuant to 32 V.S.A. § 9771(5).

10. AT&T states the charges for internet access as a separate charge on its bills to customers.

11. The Internet Tax Fairness Act, 47 U.S.C. § 151 (1998) as amended, bars state and local government from imposing taxes on internet access. "No State or political subdivision thereof shall impose any of the following taxes during the period beginning November 1, 2003, and ending November 1, 2014: . . . (1) Taxes on Internet access."

12. Under the Internet Tax Fairness Act, the phrase internet access means: "a service that enables users to connect to the Internet to access content, information, or other services offered over the Internet; (B) includes the purchase, use or sale of telecommunications by a provider of a service described in subparagraph (A) to the extent such telecommunications are purchased, used or sold.-- (i) to provide such service; or (ii)to otherwise enable users to access content, information or other services offered over the Internet[.]"

13. Despite the prohibition on taxation of internet access under Vermont and federal law, AT&T improperly and illegally charges its Vermont customers state and local sales tax on internet access on its monthly bills.

## CLASS ACTION ALLEGATIONS

14. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23 on behalf of a Class consisting of all Vermont consumers who entered into a contract with AT&T for the provision of internet access through a smart phone or a wireless data card.

15. The class consists of all Vermont consumers who contracted with AT&T to provide internet access through an AT&T system smart phone or an AT&T datacard who were charged tax on internet access.

2

16. Plaintiff William J. Rogers is a member of the class which he seeks to represent.

17. The class consists of thousands of individuals and therefore is so numerous that joinder is impracticable.

18. Plaintiff's claims are typical of the claims of the class because he and all members of the class have sustained damages as a result of AT&T's charging of sales tax for internet access.

19. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including but not limited to the following:

   a. whether AT&T charged the Plaintiff and the Class sales tax on internet access in violation of the Vermont sales tax law;

   b. whether AT&T's improper charging of sales tax constituted a breach of the covenant of good faith and fair dealing to the Plaintiff and the class under Vermont law;

   c. whether AT&T's improper charging of sales tax violated Vermont's consumer protection statutes:

   d. whether AT&T should be enjoined from collecting sales tax on internet access.

   e. whether AT&T should be required to seek a refund of sales taxes paid to Vermont tax authorities and to return any tax refund to Plaintiff and members of the Class.

20. All common questions are able to be resolved through the same factual occurrences as specifically and/or generally alleged herein.

21. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Plaintiff has no claims antagonistic to those of the Class. Plaintiff has retained competent and experienced counsel in complex class actions, mass tort and products liability litigation. Counsel is committed to the vigorous prosecution of this action.

22. The prosecution of separate actions by the Plaintiff and individual members of the Class against AT&T would create a risk of inconsistent or varying adjudications on the common issues of law and fact related to this action.

23. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy.

24. The expense and burden of litigation would substantially impair the ability of the

3

Class members to pursue individual cases to protect their rights. In the absence of a class action, AT&T will retain the benefits of its wrongdoing and will continue to collect sales tax improperly.

25. Class certification under Rule 23(b)(1) is appropriate because adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications.

26. Class certification under Rule 23(b)(2) is appropriate because AT&T has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole in that AT&T has refused to cease collecting sales tax for internet access.

27. Class certification under Rule 23(b)(3) is appropriate because the common issues of fact and law alleged herein are common to the Class and predominate over any questions affecting only individual members, thereby rendering the class action superior to all other available methods for the fair and efficient adjudication of this controversy.

28. Class certification is also appropriate pursuant to Vermont law because, as set forth in the Complaint, AT&T has acted and/or refused to act on grounds generally applicable to Plaintiff and the Class, thereby warranting appropriate injunctive and/or declaratory relief.

## COUNT I
## BREACH OF CONTRACT

29. Plaintiff hereby incorporates and adopts by reference each and every allegation set forth in Paragraphs 1 through 28 of the Complaint.

30. AT&T and Plaintiff entered into a written contract.

31. The written contract is a form contract used by AT&T with all its customers similarly situated to Plaintiff.

32. The contract between AT&T and Plaintiff permits AT&T to charge for its services including internet access on a monthly basis and permits AT&T to charge Plaintiff for all applicable and legally due federal, state and local taxes.

33. The contract does not permit AT&T to charge for taxes that are not due under law, including taxes for access to the internet.

34. Despite the prohibition on state and local taxes imposed by the Internet Tax Fairness Act, AT&T charged Plaintiff sales tax for internet access.

4

35. In so doing, AT&T breached its contract with Plaintiff and the Class.

36. As a result of the breach of contract, Plaintiff and the Class were damaged in the amount of sales tax charged by AT&T for internet access, together with interest on the money which AT&T has wrongly charged Plaintiff and the Class.

37. The statute of limitations for breach of a written contract under Vermont law is six years. 12 V.S.A. § 511.

## COUNT II

## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

38. Plaintiff hereby incorporates and adopts by reference each and every allegation set forth in Paragraphs 1 through 37 of the Complaint.

39. AT&T's breaches of the form Contracts with the Plaintiff and the Class, as alleged above, also constitute a breach of AT&T covenant of good faith and fair dealing to the Plaintiff and the Class, which is imputed into every contract in Vermont under the common law of Vermont and the Restatement (Second) of Contracts, § 205.

40. AT&T breached its duty of good faith and fair dealing to the Plaintiff and the Class by unfairly charging the Plaintiff and the Vermont state and local sales tax for internet access.

41. The abovementioned breaches of contract and covenant of good faith and fair dealing have caused the Plaintiff and the Class economic damages.

## COUNT III

## VIOLATION OF VERMONT CONSUMER FRAUD STATUTE

42. Plaintiff hereby incorporates and adopts by reference each and every allegation set forth in Paragraphs 1 through 41 of the Complaint.

43. The Vermont Consumer Fraud Act was enacted to prohibit, and protect persons from, deceptive, fraudulent and unfair conduct.

44. A sale of services enabling Internet access constitutes merchandise within the meaning of the Vermont Consumer Fraud Act.

45. In failing to inform Plaintiff and the Class that it intended to charge them taxes that were not due and in collecting taxes that were not due, AT&T employed deception, fraud, false pretense, false promise, misrepresentation, unfair practice and omitted, concealed and suppressed material information and failed to inform Plaintiff and the Class of a material fact in connection with the sale of merchandise in violation of Vermont law.

46. The aforementioned violations of the Vermont Consumer Fraud Act have caused Plaintiff and the Class substantial and ascertainable loss of money and/or property and other damages.

47. Plaintiff has been forced to hire attorneys to enforce his rights under the Vermont Consumer Fraud Act.

## COUNT IV
## VIOLATION OF VERMONT CONSUMER FRAUD ACT
### Injunctive Relief

48. Plaintiff hereby incorporates and adopts by reference each and every allegation set forth in Paragraphs 1 through 47 of the Complaint.

49. AT&T continues to charge Plaintiff state and local sales tax on the sale of internet access.

50. The charging of state and local sales tax on the sale of internet access when no such tax is due is a violation of Vermont law, as pleaded in Count III.

51. Vermont law permits the Court to enter injunctive relief to stop AT&T's violations of the law by continuing to charge state and local sales taxes on the sales of internet access.

## COUNT V
### INJUNCTIVE RELIEF

52. Plaintiff hereby incorporates and adopts by reference each and every allegation set forth in Paragraphs 1 through 51 of the Complaint.

53. AT&T's continued charging of Plaintiff and the Class of state and local sales tax on the sale of internet access results in a continuing harm to Plaintiff and the Class in that Plaintiff and the Class must pay additional sums of money on a monthly basis that AT&T has no legal right to collect from them.

54. Unless enjoined from doing so, AT&T will continue to collect from Plaintiff and the Vermont state and local sales tax on the sale of internet access.

55. Plaintiff and the Class have no adequate remedy at law in that damages can only address state and local sales tax that AT&T has already collected on the sale of internet access but cannot address AT&T's ongoing collection of such taxes in violation of the law.

56. Plaintiff and the Class have no adequate remedy at law to stop the collection of such taxes.

57. Plaintiff and the Class seek injunctive relief to relieve them of the continuing and ongoing burden of paying state and local sales taxes on the sale of internet access absent this Court's order enjoining AT&T from the collection of such taxes.

WHEREFORE, Plaintiff on behalf of himself and the Class seeks the following relief:

A. Damages in the amount of state and local sales tax improperly charged by AT&T on sales of internet access for breach of contract and/or for breach of the covenant of good faith and fair dealing implied in said contract.

B. Damages for Plaintiff and the Class in the amount of state and local sales tax improperly charged by AT&T on sales of internet access in violation of the Vermont Consumer Fraud Act.

C. Disgorgement of all funds collected by AT&T as state and local sales tax sales of internet access not remitted to the state of Vermont or any local taxing authority and return of such funds to the Plaintiff and members of the Class.

D. An order of this Court enjoining the collection by AT&T of state and local sales tax on sales of internet access.

E. Attorneys fees as permitted by either the common law, 12 V.S.A. § 2461(b) or equity.

F. Prejudgment interest in the statutory amount of 12%.

G. All costs of this action recovery for which is permitted by law.

H. Such other and further relief as the Court deems proper.

O'NEILL KELLNER & GREEN

*signature: John Fries for*

JEROME F. O'NEILL
Attorneys for Plaintiff
84 Pine Street, Fourth Floor
P.O. Box 5359
Burlington, VT 05402-5359
(802) 865-4700

January 29, 2010


Edward D. Robertson, Jr.
Mary D. Winter
Bartimus, Frickleton, Robertson & Gorny, P.C.
715 Swifts Highway
Jefferson City, Mo. 65109
573-659-4454
573-659-4460 (fax)
chiprob@earthlink.net
marywinter@earthlink.net


James P. Frickleton, Esq.
Bartimus, Frickleton, Robertson & Gorny, P.C.
11150 Overbrook Road
Suite 200
Leawood, KS 66211
913-266-2300
913-266-2366 (fax)
jimf@bflawfirm.com


Harry Huge Theodore Huge (pro hac vice)
The Huge Law Firm LLC
Suite 3016
1080 Wisconsin Ave, N.W.
Washington, D.C. 20007
202-965-4672
harryhuge@comcast.net
thh@thehugelawfirm.com

and

8

Theodore Huge (pro hac vice)
Theodore Huge Law Firm LLC
31 Broad Street
Charleston, SC  29401
843 793 4702
thh@thehugelawfirm.com

ATTORNEYS FOR PLAINTIFFS